# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHONDA DICKEY, | : | No.: 4:17-CV-0574 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| NANCY BERRYHILL, | : | (Magistrate Judge Carlson) |
| *Acting Commissioner of Social Security*, | : | |
| Defendant. | : | |

## ORDER

### JULY 18, 2018

This matter is an action for social security benefits which have been denied by both the Acting Commissioner of Social Security and prior to that, by an administrative law judge. Plaintiff filed the instant action on March 30, 2017, and it was jointly assigned to the undersigned and to a magistrate judge.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2] On May 30, 2018, Magistrate Judge Martin C. Carlson, to whom this

---

[1] 28 U.S.C. 636(b)(1)(B).

[2] 28 U.S.C. 636(b)(1).

1

matter is jointly assigned, issued a thorough report and recommendation recommending that I affirm the decision of the Commissioner of Social Security denying Plaintiff social security benefits.

Plaintiff filed objections to the report and recommendation on June 13, 2018. When objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[3] Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[4] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5] Regardless of whether timely objections are made by a party, the District Court may accept, not

---

[3] 28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir.2011).

[4] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[5] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[6]

Because I write solely for the parties, I will not restate the facts, but will instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a *de novo* review here and found no error. Plaintiff's objections here are merely restatements of her prior arguments that have been previously addressed by the magistrate judge.

**AND NOW, IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's May 30, 2018 Report and Recommendation, ECF No. 14, is **ADOPTED** in full.

2. The decision of the Commissioner of Social Security is **AFFIRMED**.

3. Final Judgment is entered in favor of Defendant and against Plaintiff pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g).

4. The Clerk is directed to close the case file.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.